

# In the Missouri Court of Appeals
# Eastern District

**WRIT DIVISION FOUR**

| | | |
|---|---|---|
| STATE OF MISSOURI, EX REL. ARCHCITY DEFENDERS, INC., BLAKE A. STRODE, INDIVIDUALLY, AND JOHN WALDRON, INDIVIDUALLY, | ) ) ) ) | No. ED113019 |
| | ) | |
| Relators, | ) ) | Writ of Mandamus or in the Alternative, for Prohibition |
| | ) | |
| vs. | ) ) | JEFFERSON COUNTY CIRCUIT COURT |
| THE HONORABLE JOSEPH P. WHYTE, AND THE HONORABLE JOSEPH A. RATHERT, | ) ) ) ) | Cause No. 23JE-CC01068 |
| | ) | |
| Respondents. | ) | Filed: January 21, 2025 |

## Introduction

Relators ArchCity Defenders, Inc., Blake A. Strode, and John Waldron (collectively, "Relators") filed a petition for a writ of mandamus and, in the alternative, a writ of prohibition seeking transfer of the underlying matter to St. Louis City. Relators request this Court to issue a writ of mandamus mandating Respondent, the Honorable Joseph P. Whyte ("Judge Whyte"), Circuit Judge of St. Louis City, to vacate his order transferring the case to Jefferson County and deny plaintiff Steve Blakeney's ("Blakeney") motion for change of venue or issue a writ of prohibition barring Respondent Whyte from taking any action inconsistent with a ruling that venue exists in St. Louis City. Alternatively, Relators request this Court to issue a writ of mandamus or prohibition requiring Respondent Honorable Joseph A. Rathert ("Judge Rathert"), Circuit Judge

of Jefferson County, to re-transfer the case to St. Louis City. This Court finds the motion to transfer venue was erroneously granted because the motion was untimely. Accordingly, the preliminary order in mandamus is made permanent. Judge Rathert is directed to take no further action in the matter except to transfer the case to St. Louis City.

## Background

On November 2, 2023, Blakeney filed a suit against Relators in Jefferson County alleging malicious prosecution, abuse of process, and intentional infliction of emotional distress. Relator responded by filing a motion to transfer venue to St. Louis City. The trial court did not rule on the motion immediately, so, the motion was considered granted under section 508.010.10,[1] which provides that motions "to transfer based upon a claim of improper venue shall be deemed granted if not denied within ninety days of filing of the motion." After the case was transferred to St. Louis City, Blakeney then filed a motion to transfer the case back to Jefferson County. The trial court heard arguments on the motion. After ninety days elapsed, the trial court concluded the motion was deemed granted under section 508.010.10, and the matter was transferred back to Jefferson County.

Relator subsequently filed the present application for writ of mandamus and, in the alternative, a writ of prohibition. This Court issued a preliminary order in mandamus and Respondent filed an answer and suggestions in opposition. We dispense with further briefing in the interest of justice as permitted by Rule 84.24(e) and (i),[2] and now make our preliminary order permanent.

---

[1] All references are to Mo. Rev. Stat. Cum. Supp. (2023).
[2] All references are to Missouri Supreme Court Rules (2023).

**Standard of Review**

"Mandamus is a discretionary writ that is appropriate when a court has exceeded its jurisdiction or authority, and where no remedy exists through appeal." *State ex rel. Upshaw v. Cardona*, 606 S.W.3d 228, 230 (Mo. App. E.D. 2020) (citation omitted). "It is well-established that this Court accepts the use of an extraordinary writ to correct improper venue decisions of the [trial] court before trial and judgment." *State ex rel. Kansas City S. Ry. Co. v. Nixon,* 282 S.W.3d 363, 365 (Mo. banc 2009).

**Discussion**

The sole issue before this Court is whether Blakeney's motion to transfer venue back to Jefferson County was timely, pursuant to Rule 51.045, and therefore, properly granted under section 508.010.10.

Rule 51.045 governs the procedure for transfer of venue and states: "[a]ny motion to transfer venue alleging improper venue shall be filed within 60 days of service on the party seeking transfer." A motion to transfer venue shall "(1) [s]pecify one or more counties in which the movant contends venue is proper, and (2) [s]tate the basis for venue in each such county." Rule 51.045(a)(1)–(2). "If a motion to transfer venue is not timely filed, the issue of improper venue is waived." Rule 51.045(a).

"Section 508.010[] governs the determination of venue in tort cases." *Nixon*, 282 S.W.3d at 365. Pertinent to this case is section 508.010.10, which provides: "[a]ll motions to dismiss or to transfer based upon a claim of improper venue shall be deemed granted if not denied within ninety days of filing of the motion unless such time period is waived in writing by all parties."

While it is true Rule 51.045 does not specify which parties may move to transfer venue, Rule 51.045 presupposes respondents and third parties are the only parties able to file a motion for

3

change of venue because the petitioner, as the master of their petition, can choose the venue in which to file his or her lawsuit. This is further supported by the rule's express language that the sixty-day time period in which to file a motion to transfer venue begins to run at the time a party is *served* with the petition. Here, Blakeney was not served with the petition because he is the petitioner that filed the suit, thus the sixty-day period was never triggered. Accordingly, his motion cannot be considered timely under the rule.

Moreover, it bears clarifying the ninety-day timeframe prescribed in section 508.010.10 was not intended as a way for every motion for change of venue to be granted. Rather, the rule is meant to keep civil cases moving forward when a timely and valid motion is pending before the trial court. In other words, the motion must still be procedurally and timely filed to be valid and trigger the ninety-days.[3] The statute also considers instances where amendments are made to petitions and/or agreements between the parties as the litigation progresses which may necessitate a change of venue. For instance, section 508.010.10 directs the trial court to transfer venue if all the parties agree in writing to a change of venue. Also, section 508.012 requires re-determination of venue in cases where "a plaintiff or defendant, including a third-party plaintiff or defendant, is either added to, removed, or severed" from the case, thereby rendering venue improper, and mandates transfer to a proper venue. None of those scenarios are before this Court.

In the case at bar, Relators' motion for change of venue, timely filed in Jefferson County, was granted. As such, this Court assumes the trial court in Jefferson County determined St. Louis City is the proper venue for the case. If Blakeney disagreed with that ruling, he had the opportunity to challenge the transfer of venue to St. Louis City at that time by filing a writ or taking other

---

[3] Although numerous cases have indicated that a trial court loses authority to do anything other than grant the motion to transfer venue after the ninety days have elapsed, each of those cases involved a timely and procedurally correct motion to transfer venue. When, as here, the motion to transfer venue is procedurally deficient, the ninety days never begins to run, and the trial court retains authority to dispose of the deficient motion to transfer venue.

4

action. Yet, Blakeney did not do so. Instead, he waited until the case was transferred to St. Louis City and then filed his own motion to transfer venue to Jefferson County. Blakeney also fails to point to any authority to support the arguments that his motion was timely and properly granted under section 508.010.10. Blakeney, now, attempts to use section 508.010.10 as a vehicle to transfer the matter back to Jefferson County, and, in doing so, invites this Court to ignore the language of Rule 51.045. This we cannot do. For the reasons stated above, this Court finds Blakeney's motion for change of venue was untimely, pursuant to Rule 51.045, and therefore improperly granted under section 508.010.10.

## Conclusion

Accordingly, the preliminary order in mandamus is made permanent and Respondent Judge Rathert is directed transfer the case to St. Louis City.[4]

_____
Michael S. Wright, Presiding Judge

John P. Torbitzky, P.J. and
Renée Hardin-Tammons, J. concur.

---

[4] A motion to dismiss Relator's writ was also filed and taken with the case. The motion is denied.